**In re GRIMES.**

Court of Appeals of Ohio,
Seventh District, Monroe County.

No. 851.

Decided March 20, 2002.

David H. Bodiker, Ohio Public Defender, and Molly J. Bruns, Assistant State Public Defender, for appellant.

Lynn Kent Riethmiller, Monroe County Prosecuting Attorney, for appellee.

———————

GENE DONOFRIO, J.

{¶ 1} Michael E. Grimes ("Michael"), a minor child, appeals a decision of the Monroe County Common Pleas Court, Juvenile Division, adjudicating him a delinquent.

{¶ 2} On May 30, 2000, Michael was arrested in Springfield, Clark County, Ohio. The arrest followed an incident where Michael allegedly exposed himself to a female victim, pulled her to a wooded area, and grabbed at her breasts and vaginal area. At the time, Michael, age seventeen, was residing at Visions for Youth, a group home located in Springfield. Michael, a resident of Monroe County, had been placed at the home based in part on a finding of dependency in that county. On May 31, 2000, Michael was charged in the Clark County Common Pleas Court, Juvenile Division, with one count of gross sexual imposition in violation of R.C. 2907.05, a fourth-degree felony if committed by an adult, and one count of public indecency in violation of R.C. 2907.09, a fourth-degree misdemeanor if committed by an adult.

{¶ 3} On June 21, 2000, the matter proceeded to a pretrial before a magistrate. Michael was represented by an assistant public defender,[1] and, because Michael is deaf, an interpreter was present in court. The court questioned Michael to ascertain whether he understood everything that had happened to that point, the charges against him, and the possible dispositions. Michael indicated "yes." Michael's defense counsel then entered an admission on Michael's behalf to the charge of gross sexual imposition. After explaining his rights, the court asked Michael whether he still wanted to admit to the charge, and he indicated that he did. The charge of public indecency was dismissed. The magistrate recommended that the case be transferred to Monroe County. The following day, and upon the court's own motion, the case was transferred to Monroe County because Michael is a resident of that county.

{¶ 4} On June 23, 2000, a disposition hearing was held in the Monroe County Common Pleas Court, Juvenile Division. The prosecutor recommended that Michael be sentenced to the Department of Youth Services. The prosecutor pointed out the court's familiarity with the history of the case and with the

———————

1. At the request of the assistant public defender, the magistrate noted and acknowledged on the record that his appointment was last-minute.

particular "disabilities" Michael has.  The prosecutor also made reference to the disposition of Michael's dependency complaint and his placement in the group home.

{¶ 5}  Michael's defense counsel indicated that he had communicated with Michael earlier in the day with the aid of an interpreter.  He stated that he informed Michael that he believed that the court would commit Michael to the Department of Youth Services for a period of not less than six months and no longer than until Michael reached the age of twenty-one.  He also stated that he told Michael that he believed that the court would not impose any alternate dispositions other than commitment to the Department of Youth Services.  Defense counsel indicated to the court that he reviewed the facts of this case and Michael's prior case.

{¶ 6}  The court commented on efforts to prevent Michael's removal from his home by placement in the group home.  The court then committed Michael to the Department of Youth Services for institutionalization for a minimum of six months and a maximum not to exceed his twenty-first birthday.

[¶ 7]  On January 25, 2001, Michael filed with this court a motion for leave to file a delayed appeal and for appointment of the Office of the Ohio Public Defender as counsel and transcript at state's expense.  Michael also filed a notice of appeal and statement, praecipe, and notice to court reporter in the Monroe County Common Pleas Court, Juvenile Division.  On March 5, 2001, this court sustained the motion for delayed appeal, appointed the Ohio Public Defender as counsel, and directed the court reporter to prepare a transcript at the state's expense.

[¶ 8]  On April 2, 2001, a motion to stay the appellate proceedings and a motion to supplement the record were filed with this court.  The motion to stay requested that this court stay the proceedings pending a decision on the motion to supplement.  The motion to supplement requested that this court supplement the record with Michael's Community Mental Health Services Forensic Evaluation.  The evaluation, which took place in September 1999, assessed Michael's competency to stand trial on then pending felony charges.  The evaluation concluded that Michael was not competent to stand trial.

[¶ 9]  On April 23, 2001, this court denied the motion to supplement the record. On May 7, 2001, Michael filed a motion to reconsider.  After initially denying the motion, this court then granted the motion.  This court sustained Michael's motion to supplement the record with the evaluation.  The decision was based on the affidavit of the juvenile judge in which he stated that he was aware of Michael's prior history in several cases and considered that information in rendering his disposition.

{¶ 10}   Michael's first assignment of error states:

{¶ 11}   "Michael Grimes was denied his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Section Sixteen of the Ohio Constitution in that he was adjudicated delinquent while incompetent to stand trial."

{¶ 12}   Michael argues that since he was incompetent to stand trial, the court could not properly adjudicate him delinquent.  Michael argues that the right not to be tried while incompetent applies in juvenile proceedings just as it does in criminal trials of adults.  He asserts that although no statutory standard has been enacted to guide competency determinations in juvenile proceedings, Juv.R. 32(A)(4) allows the court to consider the juvenile's social history and mental and physical examinations when the juvenile's competence is at issue.  Michael contends that since the right to counsel has been extended to juveniles, the requirement to be competent to stand trial is also extended to juveniles because the right to counsel would be meaningless without it.

{¶ 13}   Michael failed to raise the issue of his competency in the court below.  Therefore, to prevail on his first assignment of error he must show plain error.  "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  Crim.R. 52(B).  Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.  *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.  An appellate court may reverse the trial court only if the outcome of the trial clearly would have been different absent the error.  Id. at paragraph two of the syllabus.

{¶ 14}   The Second District Court of Appeals has held that since "an incompetent defendant may not be convicted of a crime, a court's decision regarding the competency of an individual to stand trial will always be outcome-determinative in the most fundamental sense."  *In re Williams* (1997), 116 Ohio App.3d 237, 241, 687 N.E.2d 507.  "The right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains 'sufficient indicia of incompetence' that an inquiry into the defendant's competency is necessary to ensure his right to a fair trial."  *State v. Vrabel* (Mar. 2, 2000), Mahoning App. No. 95–CA–221, 2000 WL 246482, at * 8, citing *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433; *Drope v. Missouri* (1975), 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103.  This court has previously acknowledged that the right not to be tried while incompetent applies to juvenile proceedings just as it does in criminal trials of adults.  *In re Staten* (Dec. 21, 2001), Carroll App. No. 01AP0753, 2001 WL 1647286.

{¶ 15}   In September 27, 1999, a competency evaluation was performed by Community Mental Health Services as a result of then pending felony charges in Monroe County.   The report noted Michael's limited communication abilities:

{¶ 16}   "His signing style was described by the interpreter as being limited and basic, using, in comparison to spoken communication, 1 or 2 words per sentence, as opposed to full sentences.   Also noted were various discrepancies in his signing, such as using the sign for teacher when he described the judge in a court room [sic] setting.   There were terms that Michael was completely unfamiliar with, including 'Defense,' 'Prosecution' and 'Witness.'   He was able to relay only the most basic understanding of others.   For example, when attempting to describe 'prosecution' to him he eventually was able to grasp the sign for the word 'Against,' and understood it in contrast to 'Lawyer' which he identified as a person who will help him to 'not get angry' and 'not get in fights.'   He also indicated that his lawyer is the one who 'knows the rules,' 'handcuffs you,' 'walks you away,' and tells you to 'tuck in pants, shirt.'   He did not know his attorney's name or his job, except for 'what he does for me' as indicated above."

{¶ 17}   The psychologist concluded that Michael was not competent to stand trial.   That conclusion was based on:

{¶ 18}   "[T]he understanding that to be found competent to stand trial one needs to be able to aid in their own defense, which would include the ability to

{¶ 19}   "a.   appraise available legal defenses

{¶ 20}   "b.   aid in planning a legal strategy

{¶ 21}   "c.   appraise the role of key individuals involved in the case

{¶ 22}   "d.   understand court procedure

{¶ 23}   "e.   appreciate the charges against him

{¶ 24}   "f.   appreciate the range and nature of possible penalties and likely outcome

{¶ 25}   "g.   disclose to his attorney pertinent facts

{¶ 26}   "h.   testify voluntarily and

{¶ 27}   "i.   challenge prosecution witness [sic][.]"

{¶ 28}   This report, which has been made a part of the record, raises "sufficient indicia of incompetence" that Michael should have been afforded a competency hearing.

{¶ 29}   Accordingly, Michael's first assignment of error has merit.

{¶ 30}   Michael's second assignment of error states:

{¶ 31} "Michael Grimes was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article One, Section Sixteen of the Ohio Constitution."

{¶ 32} Michael argues that his appointed counsel was ineffective because counsel failed to request a competency hearing for Michael after a competency evaluation determined that he was incompetent to stand trial. He claims that his counsel erred to his prejudice by allowing him to be placed with the Department of Youth Services instead of requesting a competency hearing.

{¶ 33} This assignment of error is rendered moot by the disposition of Michael's first assignment of error. See App.R. 12(A)(1)(c).

{¶ 34} The judgment of the trial court is hereby reversed, and the cause is remanded to the lower court to conduct a competency hearing and thus to proceed according to law and consistent with this court's opinion.

Judgment reversed<br>and cause remanded.

VUKOVICH and WAITE, JJ., concur.